Barrow vs. Lapene.

No. 6917.

R. R. BARROW VS. JULES LAPENE. JOHN B. PITMAN, INTERVENOR.

A defendant who pleads certain exceptions to the suit against him, is, so far as the exceptions are concerned, a plaintiff, and hence must prove the exceptions.

Thus, when the purchaser of property at a tax-sale, who is sued by the former owner for the recovery of the property, excepts, that the plaintiff must re-imburse him what he has paid for the property, and which inured to the benefit of the plaintiff, before the latter can demand the recovery of the property, such a purchaser must in order to maintain his exception show the precise amount that he is entitled to be re-imbursed.

APPEAL from the Fifteenth Judicial District Court, parish of Terrebonne. *Beattie*, J.

*Goode & Winder* and *Illsley & Son* for plaintiff and appellant.

*L. F. Suthron* for defendant.

*J. S. Whitaker* for intervenor.

The opinion of the court was delivered by

SPENCER, J. Plaintiff sues to annul a tax sale to defendant of two sugar plantations in Terrebonne, alleged to be worth $150,000. The nullities and illegalities alleged are numerous and formidable. Among them, it is charged, that there were no taxes due on said property at the time of its sale for taxes—the same having been paid by plaintiff, who held the collector's receipt therefor. Pitman, a mortgaged creditor of Barrow, intervened and claims right to redeem.

The defendant filed numerous exceptions to plaintiff's action, only two of which are insisted upon, to wit:

First—That plaintiff could not institute this suit until he had made a tender to respondent of the full amount of taxes paid by him.

Second—That plaintiff's petition discloses no cause of action.

We are utterly unable to appreciate the argument of defendant in support of this second ground of exception. If a tithe of the illegalities and nullities charged by plaintiff exists (and for the purposes of this exception his allegations must be taken as true), defendant's title is hopelessly bad. There are abundant causes of action *alleged*.

On the trial of these exceptions, no proof was offered or administered by either party. It was the duty of the defendant excepting to tender proof of the grounds of his exception, if they were not apparent from the record. Defendant was plaintiff in exception. He did not even allege, much less prove, what (if any) amount of taxes due by plaintiff, and privileged, on said property had been paid by him. Plaintiff charged that there were none.

We think it to be well settled that a party to a judicial or tax sale, seeking to annul it, must first tender to the purchaser re-imbursement of the sums paid by him in discharge of his bid, and which inured to the

benefit of the attacking party. To allow the seized debtor to take back his property without this re-imbursement would be to violate elementary principles of law and equity. And if this want of tender is pleaded *in limine*, and the amount is apparent or made to appear, plaintiff should not be allowed to sue until it is tendered. See Brown vs. Bouny et al., lately decided. Also 24 An. 324. But before such an exception can be sustained it must surely be made to appear to the court that there is re-imbursement due. There is no proof in this record from which it can be properly inferred. The exception should have been overruled—leaving the defendant to set up in his answers a claim for re-imbursement of the taxes paid (if any), and to be maintained in possession until re-imbursed. It is manifest that at this stage no judgment can be rendered on intervenor's demand.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be avoided and reversed, and it is now ordered that defendant's exceptions be overruled, without prejudice to his rights to demand re-imbursement, in case of eviction, of such sums as he may have lawfully paid as the price of the adjudication to him, and that this cause be remanded, as to all parties, to be proceeded with according to law, defendant and appellee paying costs of appeal.